■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENOY TATE, Appellant. — Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered June 8, 1982, convicting defendant after a jury trial of manslaughter in the first degree and criminal possession of a weapon in the third degree and sentencing him to concurrent indeterminate terms of imprisonment of from 8⅓ to 25 years for manslaughter and 2⅓ to 7 years for possession of a weapon, unanimously modified, as an exercise of discretion in the interest of justice, to reduce the defendant's sentence for manslaughter in the first degree to a term of imprisonment of 5 to 15 years, and otherwise affirmed.

The evidence adequately supports the jury's verdict convicting defendant of manslaughter in the first degree and possession of a weapon in the third degree, and we perceive no errors that warrant reversal. The principal issue on this appeal seems to us to be the sentence that was imposed for manslaughter in the first degree, the maximum authorized for such a conviction.

The circumstances disclosed present a variation of the difficult sentencing problem that occurs where an unjustifiable homicide is committed as part of an angry overreaction to provocative conduct by the deceased, and the defendant would appear, except for this incident, to be a responsible, law-abiding person. The sensitive, comprehensive probation report describes the defendant as "a basically law-abiding citizen who worked hard to provide his wife and child with the amenities of life", whose employment history "reflects a steady, responsible nature", who is sincerely remorseful with regard to the death of the deceased, and for whom "[t]he prognosis * * * is excellent", and who "has many strengths which will serve him well in this time of need."

Under all the circumstances, we believe that the sentence fixed was excessive and should be modified to the extent indicated. Concur — Sandler, J. P., Ross, Carro, Silverman and Alexander, JJ.